UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION


ROBBIE WASHINGTON,                                                    Plaintiff,

v.                                                    Civil Action No. 3:19-cv-P454-DJH

CITY OF LOUISVILLE *et al.*,                                         Defendants.

* * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff Robbie Washington filed the instant *pro se* action and paid the filing fee.  This

matter is now before the Court upon the motion to dismiss for failure to state a claim upon which

relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants City of Louisville[1]

and Mayor Greg Fischer[2] (Docket No. 5).  For the reasons stated below, the motion will be

granted.

## I.

Plaintiff filed the complaint on the Court-approved complaint form for filing a civil case,

naming as Defendants the City of Louisville and Mayor Greg Fischer.  She indicates in the form

that the basis for this Court's jurisdiction is diversity of citizenship.  As her statement of claim,

she states, "As of Oct. 2018 til Jun. 2019.  I Robbie Washington have been under surveillance by

the City of Louisville.  Which has led me to be exposed and exploited by certain individuals and

---

[1] The Court recognizes that the City of Louisville merged with Jefferson County to form the Louisville/Jefferson County Metro Government.  *See Metro Louisville/Jefferson Cty. Gov't v. Abma*, 326 S.W.3d 1, 14 (Ky. Ct. App. 2009).  However, because Plaintiff names the "City of Louisville" as a Defendant, the Court will refer to it as such herein.

[2] The motion was nominally filed by the City of Louisville only.  The motion states that it is "unclear from the complaint whether Plaintiff intends for Mayor Greg Fischer to be an individually named defendant or if she is simply identifying Mayor Fischer as the Mayor of Metro Louisville."  The Court considers the complaint as brought against both Defendants.  Because the motion to dismiss presents arguments on behalf of both the City and Mayor Fischer, the Court construes the motion as brought by both Defendants.

business and companies." In the relief section of the complaint form, Plaintiff states, "1,000,000,000 is due in damages for exposure and exploitation. This is an national surveillance issue, that has cause me to not get job, damaged my family, and be ridiculed by the public."

In the motion to dismiss under Fed. R. Civ. P. 12(b)(6), Defendants argue that "Plaintiff complains that she has been under surveillance while providing no specific information as to how Metro Government and/or Mayor Fischer are responsible for that surveillance." They further maintain, "Plaintiff provides no information as to what agency or individual within Metro Government is alleged to have been surveilling her or the alleged purpose behind such surveillance." Defendants state, "Plaintiff further fails to establish through any factual allegations that the alleged surveillance was unlawful or violative of any of her constitutionally protected rights, claiming only that she has 'been under surveillance by the City of Louisville.'" They argue that "given the lack of specificity relating to the surveillance conducted and Metro Government's role in that surveillance, it is clear that the facts as pled by Plaintiff offer nothing more than mere speculation that she may have a right to relief." Defendants also maintain that Plaintiff has failed to establish the Court's subject-matter jurisdiction over the action.

Plaintiff filed a response (DN 7) to the motion in which she states as follows:

I Robbie Washington am accusing the City of Louisville/Greg Fischer of aiding and knowing the Plaintiff Robbie Washington has been and still is under surveillance for the last 8 months or longer. The City of Louisville/Greg Fischer that the Plaintiff Robbie Washington's house, car, and phone is under surveillance which is discrimination and a unjusty act of Plaintiff human rights.

## II.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A]

district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "The defendant has the burden of showing that the plaintiff has failed to state a claim for relief[.]" *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (citing *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). In addition, "'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.

Upon review of the complaint and Plaintiff's response to the motion to dismiss, the Court finds that Plaintiff makes only broad and conclusory allegations which are not entitled to the assumption of truth. *See Abner v. Focus: Hope*, 93 F. App'x 792, 793 (6th Cir. 2004) (stating that the court is not "required to accept non-specific factual allegations and inferences or unwarranted legal conclusions"). Plaintiff's statements that she has been "under surveillance by the City of Louisville. Which has led me to be exposed and exploited by certain individuals and business and companies[]" are not supported by factual allegations that would "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The plausibility standard demands

"more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. The factual allegations in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff's allegations concerning surveillance do not contain sufficient factual enhancement to rise above the speculative level. Moreover, her statements in her response to the motion that the alleged surveillance of her house, car, and phone is "discrimination" and violates her "human rights" are legal conclusions and lacking in any factual context to give rise to a claim for relief.[3]

Furthermore, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of her duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [her] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which she complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). The pleading standard set forth in Rule 8 "'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citations omitted)). The complaint fails to allege facts showing any actions taken by the City of Louisville and Mayor Fischer such that they were personally involved in the alleged surveillance and, therefore, fails to give either Defendant "fair notice of the basis for [her] claims." *Swierkiewicz*, 534 U.S. at 514. Accordingly,

---

[3] Plaintiff also filed a motion for default judgment (DN 8) in which she reiterates her statements in the complaint and response to the motion to dismiss.

**IT IS ORDERED** that Defendants' motion to dismiss (DN 5) is **GRANTED**.  The Court

will enter a separate Order of dismissal.

Date:   July 30, 2019

**David J. Hale, Judge**
**United States District Court**

cc:      Plaintiff, *pro se*
         Counsel of record
4415.010